# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CHARLES U. OKONKWO, an individual, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 2:09-cv-02604 JWS |
| JUDGE MARY H. MURGUIA, individually and in her official capacity as a judge of the United States District Court for the District of Arizona, and MAGISTRATE JUDGE LAWRENCE O. ANDERSON, individually and in his official capacity as a judge of the United States District Court for the District of Arizona, and LITTLER MENDELSON, P.C., a California professional corporation, | ) ) ) ) ) ) ) ) ) ) ) ) | ORDER AND OPINION |
| Defendants. | ) ) | |

## I. BACKGROUND

Plaintiff Charles U. Okonkwo is also the plaintiff in another case in this district, *Okonkwo v. Glendale Union High School District, et al.*, Case No. 2:08-cv-0633 MHM ("Glendale lawsuit"). Mr. Okonkwo initiated the Glendale lawsuit on his own behalf. Then in February of 2009, Mr. Tajudeen Oladiran appeared as counsel for Mr. Okonkwo

in the Glendale lawsuit. Mr. Oladiran is also counsel for Mr. Okonkwo in the case at bar.

The complaint in this case pleads civil rights and state law tort claims against three defendants: United States District Judge Mary H. Murguia, United States Magistrate Judge Lawrence O. Anderson, and the law firm of Littler Mendelson, P.C.

As the basis for the civil rights claims against Judge Murguia, the complaint alleges that she took the following actions in the Glendale lawsuit: "prejudged and prejudiced Plaintiff's case by sending him to a mandatory settlement conference before Magistrate Anderson at the beginning of the case"[1] which was a conspiracy with Judge Anderson and Littler Mendelson,[2] allowed Mr. Okonkwo to be sanctioned in the sum of $3,958.50 by Magistrate Judge Anderson for failure to comply with the settlement conference order,[3] did not advise Mr. Okonkwo that a settlement conference is not mandatory,[4] failed to inform "Plaintiff or his counsel of the published Anderson Sanction Order,"[5] entered an order that "Okonkwo is not legally incompetent"[6] which was contrary to the evidence and applicable precedent,[7] presided over and allowed the lawsuit filed by Mr. Okonkwo to proceed even though Mr. Okonkwo was incompetent and thus intentionally and recklessly allowed counsel for the defendants to take advantage of

---

[1] Verified Complaint at ¶ 14.

[2] *Id.* at ¶ 39.

[3] *Id.* at ¶ 15 ; Order at doc. 51 in the Glendale lawsuit.

[4] Verified Complaint at ¶ 39.

[5] *Id.*, at ¶ 42.

[6] *Id.* at ¶ 47.

[7] *Id.* at ¶¶ 48 and 49.

Okonkwo,[8] and by doing all these things conspired with Judge Anderson and Littler Mendelson to violate Mr. Okonkwo's civil rights.[9]

The complaint alleges as the basis for the civil rights claims against Judge Anderson that he took the following actions in the Glendale lawsuit: imposed sanctions on Mr. Okonkwo in connection with the settlement conference,[10] did not advise Mr. Okonkwo that a settlement conference is not mandatory[11] which was a conspiracy with Judge Murguia and Littler Mendelson[12] authored the sanctions order out of malice in order to justify scheduling the settlement conference,[13] failed to inform "Plaintiff or his Counsel of the published Anderson Sanction Order,"[14] did not specifically ask Mr. Okonkwo "why he missed the non-mandatory settlement conference," relied on a "pre-settlement memorandum submitted by [Littler Mendelson]" in fashioning his sanctions order,[15] presided over the lawsuit filed by Mr. Okonkwo even though Mr. Okonkwo was incompetent and thus intentionally and recklessly allowed counsel for the defendants to take advantage of Mr. Okonkwo,[16] and by doing all these things

---

[8] *Id.* at ¶¶ 50 and 51

[9] *Id.* at ¶ 45.

[10] *Id.* at ¶¶ 15, 35-37, and 41.

[11] *Id.* at ¶ 15.

[12] *Id.* at ¶ 39.

[13] *Id.* at ¶¶ 33 and 41.

[14] *Id. at ¶ 42.*

[15] *Id.* at ¶ 44.

[16] *Id.* at ¶¶ 50-51

conspired with Judge Murguia and Littler Mendelson to violate Mr. Oknkwo's civil rights.[17]

The preceding acts by Judges Murguia and Anderson are generally characterized by Mr. Okonkwo as "malicious and illegal,"[18] intentional or reckless[19] or *ultra vires*.[20] In addition to the civil rights claims, Mr. Okonkwo alleges that the conduct by Judges Murguia and Anderson was tortious and amounts to the intentional or negligent infliction of emotional distress.[21]

For relief Mr. Okonkwo asks this court to enter an award of compensatory and punitive damages plus costs and attorneys' fees against Judges Murguia and Anderson, as well as Littler Mendelson. He also asks this court to determine that Mr. Okonkwo was not legally competent to represent himself in the Glendale lawsuit, vacate all the rulings by Judges Murguia and Anderson in the Glendale lawsuit, and remove Judges Murguia and Anderson from the Glendale lawsuit.[22] Additional background relating to the claims against Littler Mendelson is set out in section II., C. below.

## II. DISCUSSION

There is no pending motion to dismiss the claims against Judges Murguia and Anderson. Nevertheless, this court perceives its duty to include an obligation to manage

---

[17] *Id.* at ¶ 45.

[18] *Id.* at ¶ 32.

[19] *E.g, id.* at ¶ 51.

[20] *Id.*

[21] *Id.* at ¶¶ 55 thru 60.

[22] *Id.* at pp. 16-17.

the cases on its docket so as to dispose of clearly frivolous claims at the earliest stage of the litigation when such is feasible.  Furthermore, while there is no pending motion to dismiss the claims against Littler Mendelson, the existing complaint is defective and should be dismissed with leave to amend.  Such pro-active case management helps secure the "just, speedy and inexpensive determination of every action."[23]  Weeding out frivolous claims and allowing for the prompt amendment of inadequate complaints spares all litigants, both plaintiffs and defendants, unnecessary expense and effort.

**A.  Plaintiffs' Claims For Damages Against the Judges**

The United States Supreme Court has held that judges generally enjoy immunity from suits seeking money damages.[24]  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."[25]

Two exceptions to the rule of judicial immunity exist.  The first exception is that judicial immunity does not shield "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity."[26]  The second exception is that judicial immunity does not protect "actions, though judicial in nature, taken in the complete absence of all jurisdiction."[27]

---

[23] Fed. R. Civ. P. 1.

[24] *See, Mireles v. Waco*, 502 U.S. 9 (1991) (collecting cases).

[25] *Id.* (quoting *Bradley v. Fisher*, 13 Wall 335, (1872)).

[26] *Mireles*, 502 U.S. at 11.

[27] *Id.* at 12.

The test for determining when an action is judicial in nature has been explained as follows: "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."[28] Here, Mr. Okonkwo's claims all address acts taken by Judges Murguia and Anderson during the course of presiding in the Glendale lawsuit. All of the actions pled to support Mr. Okonkwo's claims concern ordinary judicial acts–setting settlement conferences, deciding motions, ruling on the competency of a party, imposing sanctions for violating court orders, and so forth. All such acts also arise out of Mr. Okonkwo's dealings with the judicial officers in their judicial capacity. In sum, the acts of which Mr. Okonkwo complains are clearly judicial acts. Although Mr. Okonkwo recites in the case caption that his claims are also brought against the judges in their individual capacities, the facts pled cannot support individual capacity claims, because every act which forms the basis for Mr. Okonkwo's claims was an act taken in the judicial capacity. Moreover, even when a judicial act is taken for some improper personal reason, judicial immunity applies. As the Supreme Court has explained, judicial immunity "applies even when the judge is accused of acting maliciously or corruptly."[29] This is so, because recognizing the immunity in all cases promotes the public's interest in having judges who are free to use

---

[28] *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

[29] *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

their judicial authority independently without fearing retribution.[30] It follows that the first exception does not apply.

Similarly, there is no basis to assert that the actions by Judges Murguia and Anderson were taken in the complete absence of jurisdiction. All were taken in the context of the Glendale lawsuit over which they clearly had jurisdiction, nor does Mr. Okonkwo suggest otherwise. The claims for money damages are patently frivolous and will be dismissed with prejudice.

**B. Plaintiff's Claims for Relief in the Glendale Lawsuit**

This court is not an appellate court and lacks jurisdiction to intervene in an on-going lawsuit. It is hornbook law that even a court of appeals may not ordinarily intervene in an on-going lawsuit in a trial court. To obtain relief relating to the management and progress of the Glendale lawsuit, Mr. Okonkwo is limited to seeking redress in that lawsuit itself. To the extent that he may wish to challenge the ability of Judges Murguia and Anderson to continue presiding in the Glendale lawsuit, he must file a motion in the Glendale lawsuit pursuant to 28 U.S,C. § 144 (bias or prejudice of a judge) or file a notice asserting that Judge Murguia and/or Judge Anderson must recuse pursuant to 28 U.S.C. § 455 (disqualification of a judge). Remarkably, Mr. Oladiran seems to be blissfully unaware of the applicable statutes. The request to have this court intervene in the on-going Glendale lawsuit is also frivolous. Mr. Okonkwo's claims requesting relief in the form of orders in the Glendale lawsuit and the recusal of Judges

---

[30] *Id.*

Murguia and Anderson from that lawsuit will be dismissed without prejudice to any attempt to obtain relief Mr. Okonkwo may make in the Glendale lawsuit itself.

**C. Plaintiff's Claims Against Littler Mendelson**

Of course, Littler Mendelson does not enjoy judicial immunity. However, like any other defendant it is entitled to reasonable notice of the claims which have been brought against it. In the complaint, Mr. Okonkwo alleges next to nothing in the way of facts to support a claim against the law firm. He alleges very generally that the law firm and the two judges "combined and/or coordinated actions"[31] and conspired with one another (without laying out any facts to support the assertions beyond rulings made by the judges),[32] followed a litigation strategy to convince the judicial officers that Mr. Okonkwo was a "serial litigant pushing a worthless case" and to remind Mr. Okonkwo that the judges were biased against him,[33] generally behaved maliciously and illegally (without saying how),[34] and charged their clients high fees.[35] To put it bluntly, the claims against Littler Mendelson appear to this court to be nothing more than complaints about the fact that its advocacy was allowing its clients to prevail in the Glendale lawsuit.

To comply with the pleading standard of Federal Rule of Civil Procedure 8(a)(2), the Verified Complaint's "non-conclusory 'factual content' and reasonable inferences

---

[31] Verified Complaint at ¶ 15.

[32] *Id.* at ¶¶ 39 and 45.

[33] *Id.* at ¶ 29.

[34] *Id.* at ¶ 32.

[35] *Id.* at ¶ 30.

from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[36] Here, there are almost no non-conclusory allegations and there is no reasonable inference from them that Littler Mendelson did anything more than aggressively litigate in the Glendale lawsuit. The court is forced to conclude that the Verified Complaint fails to state a claim for relief against Littler Mendelson. However, the court cannot be certain that Mr. Okonkwo could not comply with Rule 8(a)(2), because claims against the law firm arising out of Littler Mendelson's actions in connection with the Glendale lawsuit would not be barred by the doctrine of judicial immunity. For that reason, the claims against Littler Mendelson will be dismissed with leave to file an amended complaint within 21 days from the date of this order.

## D. Rule 11 Concern

Federal Rule of Civil Procedure 11 provides that when an attorney presents a complaint to the court, he or she is making certain representations. Among them is a representation that the claims in the complaint "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."[37] It appears that Mr. Oladiran has violated Rule 11(b)(2). Mr. Oladiran is the only lawyer this court has ever seen file a lawsuit like this one which includes claims which are foreclosed by the doctrine of judicial immunity, such claims being ordinarily seen only in cases filed by inexperienced *pro se* litigants. Accordingly, pursuant to Rule 11(c)(3), the court will require Mr. Oladiran to show cause why the court

---

[36]*Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

[37]Fed. R. Civ. P. 11(b)(2).

should not impose a $500 sanction upon him for filing a complaint containing claims that could not possibly succeed in light of the doctrine of judicial immunity and for requesting this district court to overrule decisions in another district court case.

### III.  CONCLUSION

For the preceding reasons, **IT IS ORDERED**:

(1)  Plaintiff Okonkwo's claims seeking money damages, costs, and attorneys' fees from Judge Murguia and Magistrate Judge Anderson are hereby **DISMISSED** with prejudice, (2) plaintiff Okonkwo's claims seeking relief in the Glendale lawsuit are **DISMISSED** without prejudice to any efforts he may make to secure relief in the Glendale lawsuit itself, and (3) plaintiff Okonkwo's claims against Littler Mendelson are **DISMISSED** with leave to file an amended complaint with 21 days from the date of this order.  The court will not enter judgment on any of the claims at this time, pending plaintiff's opportunity to file an amended complaint.

**AND IT IS FURTHER ORDERED**: Within 14 days from the date of this order, Mr. Oladiran shall file papers showing cause why the court should not impose a $500 sanction on him pursuant to Federal Rule of Civil Procedure 11(c).

DATED this 15th day of January 2010.

/s/ JOHN W. SEDWICK  
UNITED STATES DISTRICT JUDGE